## JAMES DUNTON
### v.
### SIMON E. CHAMBERLAIN.

1. STATEMENT—SUBSCRIPTIONS IN AID OF PUBLIC ENTERPRISE.—Appellant, with others, was appointed a committee to solicit aid towards the erection of a foundry building, which building when erected was to be donated to S. & Co., as an inducement to remove their foundry business to the village where appellant resided. In the prosecution of the purposes for which said committee was appointed, appellant called upon appellee, who was an architect, to solicit aid from him, at the same time telling appellee the purpose contemplated, and that whatever was done by the citizens of the village, was to be a voluntary contribution. Under these circumstances, and without any express promise from appellant to pay him therefor, appellee prepared plans and specifications for the proposed building.

2. EXPRESS PROMISE MUST BE PROVED.—*Held*, that under the circumstances, in order to charge appellant with liability for preparing such plans, the fact of an express promise to pay for such plans should be established by a fair preponderance of testimony; and such promise should be proved to have been made before the time the service was rendered; for if the work was not done on the credit of appellant, but for some other person, any subsequent express parol promise to pay for the same would be void, as being a promise to pay the debt of a third person.

APPEAL from the Superior Court of Cook county; the Hon. Joseph E. GARY, Judge, presiding.

Mr. CHARLES H. WOOD, for appellant ; that an agent does not render himself personally liable where he discloses his agency, unless he assumes personally to bind himself, cited Wheeler v. Reed, 36 Ill., 81 ; Chicago & Great Eastern R. R. Co. v. Fox, 41 Ill., 106.

Mr. R. C. HALL, for appellee.

MURPHY, P. J. It appears that in the spring of 1875, the citizens of the suburban town of Arlington Heights, Cook county, and State of Illinois, in the general interest of the property owners of such town, opened negotiations with Messrs. Sigwalt, Peck & Co., manufacturers, to induce them to remove their business to Arlington Heights with the object and pur- pose, it is presumed, to add to the general prosperity of the town, and thus favorably affect the value of the real estate thereof. With this object in view, there was a committee of the citizens raised to solicit donations and assistance for the purpose of erecting a foundry building, to be donated and given to Sigwalt, Peck & Co. as a consideration or inducement for them to remove their said manufacturing establishment as above stated.

It appears that appellant was a resident of said town, and a member of said committee; that appellee was also a real estate owner there, and was an architect by occupation.

That in the spring of 1875 the appellant, together with some other members of the committee, called on appellee, made known to him their business, and solicited some aid from him; informed him all about the enterprise, and proposed to him that as he had some interest in said town, he should get up plans for the building—they fully explaining to him that it was all a donation, and that if he got it up there was no money in it.

It clearly appears that appellant fully disclosed to appellee at said time that he was not acting for himself in the premises, but as a member of said committee, and was acting on behalf

Dunton v. Chamberlain.

of the citizens by whom they had been appointed. Under these circumstances, and without any express promise on the part of appellant to pay for them, appellee prepared plans and specifications for such foundry building, and to recover pay for such service this suit was brought in the Superior Court of Cook county, a trial of which resulted in a judgment against appellant, who prayed an appeal to this Court, and asks a reversal of said judgment for the reason, amongst others, that the verdict and judgment are not warranted by the evidence.

This point we think well taken. Under the circumstances above stated we think to charge the appellant with liability for preparing said plans the fact of an express promise on his part to pay for such plans should be established by a fair preponderance of the evidence; and that, too, at or before the time said service was rendered by appellee. For if the work was not in fact done on the credit of appellant, but for some other person, then any subsequent express parol promise to pay for such plans would, by a familiar rule of law, be void, as the promise to pay the debt of a third person. The testimony of the appellee tends to show such express promise or agreement on the part of appellant to pay for said plans, while it is emphatically contradicted in all of its material points by the testimony of the appellant. Treating these two witnesses as entitled to the same credit, they neutralize each other's testimony.

In that case the evidence fails to sustain the verdict. It is a verdict which strikes the mind at first blush, upon an examination of all the evidence, as being contrary to the manifest preponderance thereof.

We forbear any further discussion of the evidence, as such a course would be calculated to influence a jury on a second trial of the case.

We think a motion for a new trial ought to have been sustained, and that it was error for the court to refuse it; for which error the judgment of the Court below is reversed and the cause remanded.

Judgment reversed.